2003 SD 135

**Daryle BALSTER, Plaintiff and Appellee,**

v.

**Phil WIPF, Defendant and Appellant.**

**No. 22706.**

Supreme Court of South Dakota.

Considered on Briefs Oct. 6, 2003.

Decided Nov. 25, 2003.

Ron J. Volesky, Wessington Springs, Attorney for plaintiff and appellee.

Casey N. Bridgman of Bridgman and Adel, Huron, Attorneys for defendant and appellant.

MEIERHENRY, Justice.

[¶ 1.] Daryle Balster and Phil Wipf had various business arrangements involving farming and livestock. Balster brought this action claiming nonpayment of rent. Wipf counterclaimed alleging breach of express and implied contract. Balster filed a summary judgment motion. Wipf appeals the summary judgment dismissing his counterclaim. We reverse.

### FACTS

[¶ 2.] In 1996 and 1997, Balster and Wipf had express contracts relating to several business arrangements. First, they entered into a share agreement on livestock. The parties agree that Balster was to provide cows and bulls, pasture, hayland, and machinery. Balster was also to provide fuel and twine and maintain his equipment for putting up hay. Wipf was to provide the labor required for the care of the livestock. Wipf was to receive twenty percent of the calf crop, and Balster eighty percent. The parties disagree as to Balster's compliance with the livestock agreement. In particular, Wipf claims that Balster failed to keep his machinery in working order.

[¶ 3.] The second express contract between them was a share crop agreement. Balster was to provide one-third of the fertilizer, herbicide and similar items with Wipf providing two-thirds. Wipf was to provide machinery and labor. Upon harvest, Wipf was to receive two-thirds of the crop, and Balster one-third of the crop.

[¶ 4.] The final express contract between Balster and Wipf was a rental agreement. Balster rented Wipf pastureland on an annual basis to be paid in two installments. In 1996, Balster provided such pasture and Wipf paid the rent. In 1997, however, Wipf paid the first installment but refused to pay the second in the amount of $6,450.00.

[¶ 5.] Balster filed suit against Wipf to recover the rent due. Wipf counterclaimed asserting that Balster owed him for services and equipment provided to Balster. Wipf claimed that what Balster owed him offsets the rent he owed. Specifically, Wipf claimed the following itemizations:

| | |
|---|---|
| 1. Grain drills—1995—400 acres @ $4.00/acre | $ 1,600.00 |
| 2. Corn planting—May 1996—250acres @ $7.00/acre | $ 1,750.00 |
| 3. Baling—July 1996—850 bales @ $5.00/bale | 4,250.00 |
| 4. Hay cutting—July 1996—200 acres @ $7.00/acre | 1,400.00 |
| 5. Cultivating—July 1996—500 acres @ $5.00/acre | 2,500.00 |
| 6. Combine corn—1996—150 hours @ $10.00/hour | 1,500.00 |
| 7. Stack wagon—1996 & 1997—200 stacks @ $5.00/hour | 1,000.00 |
| 8. Haybine—1996 & 1997—320 acres @ $4.00/acre | 1,280.00 |
| 9. Baler—1996 & 1997—600 bales @ $2.50/bale | 1,500.00 |
| 10. Tractor—1996 & 1997—200 hours @ $20.00/hour | 4,000.00 |
| 11. Bull rent—June-September 1997—2 bulls @ $500/bull | 1,000.00 |
| 12. Corn planting—1997—320 acres @ $7.00/acre | 2,240.00 |
| 13. Spring wheat planting—1997—260 acres @ $10.00/acre | 2,600.00 |
| 14. Winter wheat planting—1997—380 acres @ $10.00/acre | 3,800.00 |
| 15. Dog care—600 days @ $2.00/day | 1,200.00 |

| | |
|---|---|
| 16. Sheep care—1996 & 1997—400days @ $5.00/day | 2,000.00 |
| 17. Hay/Grain loading—1996 & 1997 | 1,300.00 |
| | $34,920.00 [1] |

[¶ 6.] Balster amended his complaint by including, in addition to the pasture rent, the following:

| | |
|---|---|
| 1. Disking—Fall 1995—250 acres @ $7.50/acre | $ 1,875.00 |
| 2. Combine rent—1996—450 acres @ $10.00/acre | 4,500.00 |
| 3. Electric bill—1996 | 800.00 |
| 4. Truck rent—1996 & 1997 | 1,000.00 |
| 5. Sprayer rent—1996 & 1997—200 acres @ $4.00/acre | 800.00 |
| 6. Stackmover & hay wagon rent—1996 & 1997 | 1,000.00 |
| 7. Assistance for haying & hauling—1996 & 1997 | 3,000.00 |
| 8. House rent—1996 & 1997—$200/month | 2,400.00 |
| 9. Swather rent—1997—245 acres @ $4.00/acre | 980.00 |
| 10. Disk & tractor—1997—100 acres @ $5.50/acre | 550.00 |
| 11. Disking—1997—180 acres @ $7.50/acre | 1,350.00 |
| 12. Grain bin rent—1000 bu Millet 6mo. .03 mo. | 180.00 |
| 13. Grain bin rent—2000 bu what [sic] 3mo. .03 mo. | 180.00 |
| 14. House rent—January 1998 | 200.00 |
| 15. Electricity & water—January 1998 | 200.00 |
| | $19,015.00 [2] |
| Pasture rent—second installment 1997 | 6,450.00 |
| | 25,465.00 |

[¶ 7.] Balster moved for summary judgment, withdrawing all his claims (nos. 1–15 listed in ¶ 6) except for the pasture rent. In ruling on the summary judgment motion as to Wipf's claims, the trial court ruled that there was no evidence of consent which is a required element for a valid contract. The court determined that the parties discussed but never reached an agreement with regard to the items for which Wipf sought compensation. Specifically, the court ruled that Wipf's counterclaim be dismissed in whole because there was no consent and, therefore, no contractual agreement either orally or in writing regarding the matters that Wipf is claiming Balster owes him.

## STANDARD OF REVIEW

[¶ 8.] Our standard of review for summary judgment is well settled.

> In reviewing a grant or a denial of summary judgment under SDCL 15–6–56(c), we must determine whether the moving party demonstrated the absence of any genuine issue of material fact and [established] entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorably to the nonmoving party[,] and reasonable doubts should be resolved against the moving party.... Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. (citations omitted).

*Hasse v. Fraternal Order of Eagles # 2421*, 2003 SD 23, ¶ 7, 658 N.W.2d 410,

---

1. Wipf also claims an amount to be determined during discovery for hauling bushels of grain to the elevator in 1996 and 1997. He claims the reasonable charge to be .05¢/bushel.

2. There is a discrepancy in item no. 8. $200 per month is claimed for house rent. However, the time period covers two years. The total amount claimed does not reflect two years rent at $200/month.

412. In this case we must determine whether a genuine issue of material fact exists concerning the formation of a contract between the parties and whether the trial court correctly applied the law.

## DECISION

[¶ 9.] The trial court erred by granting summary judgment dismissing Wipf's counterclaim. Specifically, the trial court incorrectly determined that there was no consent as a matter of law. Contracts can be either express or implied. SDCL 53–1–3. Under statute, "[a]n implied contract is one, the existence and terms of which are manifested by conduct." SDCL 53–1–3. We recently reiterated that "the existence of an implied contract between parties creates a genuine issue of material fact to be decided by the jury" unless "reasonable minds could not differ." *Van De Walle & Assoc., LLC v. Buseman,* 2003 SD 70, ¶ 10, 665 N.W.2d 84, 87 (citations omitted). Here, taking the evidence in the light most favorable to the nonmoving party, reasonable minds could differ as to consent being manifested by the parties' conduct. We note the following:

1. The parties had an arrangement wherein they did work for each other and shared or loaned equipment to each other.

2. Wipf claimed and Balster admitted that Balster requested Wipf do certain work for which he was not compensated.

3. Both parties mentioned "settling up of accounts," albeit they disagree as to what that entailed.

4. Wipf testified that he believed that when they "settled up accounts" he would be compensated.

5. Wipf testified that when he let Balster use his bulls they did not discuss the price but that he requested payment.

6. Wipf admits to owing Balster for various services and equipment that Balster provided.

Wipf's evidence, taken in the light most favorable to him, was sufficient to get past summary judgment and to proceed with his claims for breach of contract.

[¶ 10.] Wipf raises on appeal a claim of unjust enrichment, which was not the subject of the summary judgment motion nor did the trial court address it. Therefore this Court will not address it.

[¶ 11.] We reverse the summary judgment and remand for trial.

[¶ 12.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, and ZINTER, Justices, concur.